UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tijun Mims, <br><br>                Plaintiff, <br><br> v. <br><br> Laprey *et al.*, <br><br>                Defendants. | Civil No. 24-cv-00238 (SVN) <br><br><br><br><br><br> March 5, 2024 |

**RULING ON MOTION FOR
LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 8)**

      Ordinarily, a plaintiff who files a complaint in federal court must pay filing and administrative fees totaling $405. *See* 28 U.S.C. §1914. The issue here is whether Mr. Mims may proceed in his complaint without prepayment of the filing fees, by moving for leave to proceed *in forma pauperis* (IFP).

      Courts often grant IFP motions where the plaintiff has demonstrated that paying litigation fees would hinder his ability to afford basic needs. Under 28 U.S.C. §1915 a litigant may commence an action "without prepayment of fees" if the litigant "is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a). A litigant is required to submit an affidavit indicating that he is unable to pay court fees. *Id*. The United States Supreme Court has held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). Based on this principle, courts have reaffirmed that litigants seeking IFP status do not need to prove they are

destitute. *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). So long as the plaintiff's affidavit confirms that he is unable to pay the cost of litigation and afford basic needs, the court should grant the motion to proceed IFP.

In this case, Mr. Mims' current trust account balance is $430.29. While Mr. Mims does receive periodic deposits ranging from about $20 to $300, his account balance never exceeded $600 during the six months prior to his complaint. Mr. Mims states that he has no assets of significant value, including no checking or savings account. He also states that he does not receive any employment income.

Based on these statements, I conclude that Mr. Mims is unable to pay the required filing fees without interfering with his ability to afford basic needs. I therefore **GRANT** his motion to proceed *in forma pauperis.*

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge